## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISAAC BONILLA**<br>611 Georgia Avenue<br>Washington, D.C. 20010<br><br>Plaintiff, on behalf of himself<br> and all similarly situated individuals<br><br>     v.<br><br>**POWER DESIGN, INC.**<br>11600 Ninth Street North<br>St. Petersburg, FL 33716<br><br>Serve:<br>National Corporate Research, LTD<br>1025 Vermont Ave., NW, Suite 1130<br>Washington, DC 20005<br><br>**CLARK CONSTRUCTION GROUP, LLC**<br> 7500 Old Georgetown Road<br> Bethesda, MD 20814<br><br> Serve:<br> CT Corporation System<br> 1015 15th Street, NW, Suite 1000<br> Washington, DC 20005<br><br>**DDK ELECTRIC, INC.**<br>Apt. T-2<br>788 Quince Orchard Rd.<br>Gaithersburg, MD 20878<br><br> Serve:<br>Hermenegildo Reyes Carreno<br>Apt. T-2<br>788 Quince Orchard Rd.<br>Gaithersburg, MD 20878<br><br>     Defendants. | **Civil Action:**<br><br><br>Jury Trial Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

**Nature of the Action**

1. Plaintiff Isaac Bonilla and similarly situated individuals began working as electricians for Power Design, Inc. ("Power Design") and DDK Electric, Inc. ("DDK") on a construction project at 2121 H St, N.W. Washington, D.C. ("the project") on or around November 9, 2015. He and similarly situated individuals have worked and are working 48 hours per week, but they have not been receiving an overtime premium for hours worked over forty (40) in each workweek. They have also been misclassified as independent contractors.

2. The general contractor on the project site is Clark Construction Group, LLC. .("Clark")

3. DDK is an unlicensed labor broker that recruited the workers for Power Design and serves as a pass-through for wages.

4. Plaintiff, on behalf of himself and similarly situated individuals, brings this action to recover damages for defendants' willful failure to pay wages.

5. Plaintiff, on behalf of himself and similarly situated individuals, asserts claims under: a) the Fair Labor Standards Act ( "FLSA" ), 29 U.S.C. §§201, *et seq.* b) the District of Columbia Minimum Wage Act Revision Act ( "DCMWA" ), D.C. Code §§32-1301 *et seq.*, D.C. Code §§ 32-1001 *et seq.*; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; (d) the DC Wage Theft Prevention Amendment Act ("DCWTPAA"), D.C. Code §§ 32-1001-15, 32-1301-11; (e) the D.C. Workplace Fraud Act ("WFA"), D.C. Code §§32-1331.01-15.

6. Plaintiff, on behalf of himself and all similarly situated individuals, brings his FLSA and DCMWA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), and his DCWPCL and DCWTPAA claims as a traditional class action pursuant to Fed. R. Civ. P. 23.

**Jurisdiction and Venue**

7.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. §

216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or

omissions giving rise to plaintiffs' claims occurred in this district.

## Parties

### Plaintiff

9. Plaintiff Isaac Bonilla ("Bonilla") is an adult resident of the District of Columbia, residing at the

address in the caption above.

10. During the period of approximately November 9, 2015 through the present, Bonilla has been an

"employee" of the defendants Power Design  and DDK as that term is defined by Section 203(c)

of the FLSA, and as that term is interpreted pursuant to D.C. Code §§32-1002(2), 32-1301(2),

and 32-1331.01(2).

11. During the period from on or around November 9,  2015 through the present, Defendants Power

Design and DDK  have been Bonilla's "employer[s]" as that term is defined and/or interpreted

by D.C. Code §§32-1—2(1), 32-1301(1), 32-1331.01(3), and section 203(d) of the FLSA.

### Defendants

#### Power Design

12. Defendant Power Design is a Florida corporation with its principal place of business in   St.

Petersburg, Florida.  Its registered agent is National Corporate Research, at

1025 Vermont Ave., NW, Suite 1130, Washington, D.C.

13.  Power Design provides services as an electrical contractor in the construction industry in the

Washington, D.C. metropolitan area and elsewhere in the United States.

14. Power Design is an enterprise engaged in commerce.

3

15. Upon information and belief, Power Design has annual receipts in excess of $500,000.

16. At all relevant times, Power Design has had and exercised both actual and apparent authority to direct and supervise Plaintiff's work, to hire and fire Plaintiff, and to bind and set wage and hour policies that applied to Plaintiff.

17. Power Design is an "employer" of the Plaintiff within the meaning of 29. U.S.C. §203(d).

18. Power Design is an "employer" of the Plaintiffs within the meaning of D.C. Code § 32-1002(1).

19. Power Design is an "employer" of the Plaintiffs within the meaning of D.C. Code §32-1301(1).

**DDK Electric, Inc.**

20. DDK is an enterprise engaged in commerce.

21. By information and belief, DDK is a labor broker without a valid license to perform electrical work.

22.  At all relevant times, and with respect to plaintiff and similarly situated individuals, defendant DDK had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

**Clark Construction Group, LLC**

23. Defendant Clark Construction Group, LLC., is a construction general contracting firm that operates in the Washington, D.C., metropolitan area and throughout the United States.

24**.**  By information and belief, at all relevant times, each defendant had an annual dollar volume of sales or business done of at least $500,000.

25. At all relevant times, each defendant employed two or more people.

26**.**  At all relevant times, plaintiff and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

27.  At all relevant times, defendants were employers of plaintiff and similarly situated individuals

within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32 – 1002(3) (DCMWA), D.C.

Code § 32-130(1) (DCWPCL),  DC Code §§ 32-1001-15, 32-1301-11(DCWTPAA), and D.C.

Code §§32- 32-1331.01-15.

28.  At all relevant times, plaintiff and similarly situated individuals were non-exempt employees of

defendants within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2)

(DCMWA), D.C. Code § 32-1301(2) (DCWPCL),  D.C. Code §§32-1001-15, 32-1301-11

(DCWTPAA), and D.C. Code §§32-1331.01-15.

29.  At all relevant times, defendants Power Design and DDK were joint employers of plaintiff and

similarly situated individuals, and defendant Clark Construction was the general contractor for

the project where Plaintiff Isaac Bonilla and similarly situated individuals have performed work.

### Factual Allegations

30. Plaintiff Isaac Bonilla has been employed as an electrical worker by Power Design and DDK

on a renovation project at 2121 H St, N.W., Washington, D.C., since approximately November 9,

2015.

31. There are approximately 15 similarly situated individuals on that jobsite.

32. The General Contractor is Clark Construction Group, LLC.

33. Jake Startt, an employee of Power Design directs the work. He has the power to hire and fire the

Plaintiff and other similarly situated individuals, to correct work, and he sets the time for

beginning and ending the work date, as well as when to take breaks.

34. Hermenegildo Reyes Carreno from DDK is on the jobsite. He gives paychecks to the employees

with no withholdings.

35. Plaintiff and similarly situated individuals are misclassified as independent contractors and were

given IRS Form 1099s by Hermenegildo Reyes Carreno from DDK.

5

36. Power Design provides the tools, other than hand tools, equipment, and hard hats for Plaintiff Bonilla and other similarly situated individuals.

37. Power Design provides the time sheet for Plaintiff Bonilla and similarly situated individuals to sign in. Time sheets read "Power Design Installation Team Hourly Sign-In Sheet."

38. Plaintiff Bonilla is paid an hourly rate of $14 an hour.

39. Plaintiff Bonilla and other similarly situated individuals work for an average of 48 hours per week, and are paid straight time for each hour, with no overtime premium.

## Collective Action Allegations

40. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. 216(b) and the DCMWA, D.C. Code §32-1012.

41. Plaintiff bring his FLSA and DCMWA claims on his own behalf and on behalf of all past and present non-exempt employees of defendants who, while working on the Project have not been paid for all hours worked and were not paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

42. On information and belief, there are approximately 15 past and present non-exempt employees of defendants who are similarly situated to the plaintiff in that they are or were electrical workers who were not paid overtime wages on the project.

43. Pursuant to 29. U.S.C. §216(b), plaintiff has consented in writing to be plaintiff in this action. His consent form will be filed in a separate docket entry.

## Class Action Allegations

44. This action is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Federal Rule of Civil Procedure 23.

45. Plaintiff brings his DCWPL and DCWFA claims on his own behalf, and on behalf of all past and

present non-exempt employees of defendants who, while working on the Project, (1) were not promptly paid their promised wages and (2) were not promptly paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

46. On information and belief, there are approximately 15 past and present employees of defendants who are similarly situated to plaintiffs in that they were electrical workers working on the project who were not promptly paid at least minimum wage for all hours worked and were not paid overtime.

47.  The exact amounts owed will only be determined through discovery.

## COUNT I

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

48. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

49. The FLSA requires employers to pay non-exempt employees at least the minimum wage for all hours worked, and an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §207(a)(1).

50. Defendants violated the FLSA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

51. Defendants' violations of the FLSA were willful.

52. For their willful violations of the FLSA, defendants are liable to the plaintiff and similarly situated individuals for unpaid wages, unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

53. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

54. The DCMWA requires employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly rate for hours worked over forty in one workweek.

55. Defendants violated the DCMWA by knowingly failing to pay plaintiff and similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

56. Defendants' violations of the DCMWA were willful.

57. For their violations of the DCMWA, defendants are liable to plaintiff and similarly situated individuals for unpaid wages and unpaid overtime compensation, and an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

58. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

59. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302–3.89. For purposes of the DCWPCL, "wages" include, among other things:

    a. "[o]vertime premium" D.C Code § 32-1301(3)(C);

    b. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

    c. "remuneration promised or owed...Pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

60. Defendants violated the DCWPCL by knowingly failing to pay plaintiff and similarly situated

individuals all wages earned, including the overtime premium.

61. Defendants' violations of the DCWPCL were willful.

62. For their violations of the DCWPCL, defendants are liable to plaintiff and similarly situated individuals for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV

### FAILURE TO PAY WAGES UNDER THE DC WAGE THEFT PREVENTION AMENDMENT ACT

63.  Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

64.  The DC Wage Theft Prevention Amendment Act D.C. Code §§ 32-1001-15, 32-1301-11 states that the general contractor and subcontractor are jointly and severally liable for violations of the DCMWA.

65.  The Defendant Clark is liable as general contractor for the wage payment violations of Power Design and DDK.

66. Under the DCWTPAA, Defendants are liable to plaintiff and similarly situated individuals for the amount of any lost wages and benefits, plus an amount equal to three times the lost wages or benefit as liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT V

### VIOLATION OF THE D.C. WORKPLACE FRAUD ACT

67. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

68. The D.C. Workplace Fraud Act, D.C. Code §§32-1331.01-15, states that an employer shall not improperly classify an individual who performs construction services for an employer as an

independent contractor.

69. Under the D.C. Workplace Fraud Act, an individual whose rights have been violated is entitled

to collect compensatory damages and an amount up to $500 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all

Defendants on all counts, jointly and severally, and grant the following relief:

a.  Award plaintiff and similarly situated individuals:

    i.  unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29

       U.S.C § 216;

    ii.  unpaid wages, plus an equal amount as liquidated damages, pursuant to the DCMWA,

       DC Code § 32-1012;

    iii.  unpaid wages plus an amount equal to three times the amount of unpaid wages earned as

       liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iv.  unpaid wages plus an amount equal to three times the amount of unpaid wages earned as

       liquidated damages, pursuant to the DCWTPAA, D.C. Code §§32-1001-15, 32-1301-11.

    v.  $500 per week for violation of the D.C. Workplace Fraud Act, D.C. Code §§ 32-1331.01-

       15.

b.  Award the plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of

this action;

c.  Award plaintiff court costs;

d.  Award plaintiff prejudgment and post-judgment interest as permitted by law; and

e.  Award any additional relief the Court deems just.

Dated: April 5, 2016

Respectfully submitted,


/s/Virginia R. Diamond
Virginia R. Diamond, DC Bar #393934
Ashcraft & Gerel, LLP
Suite 650, 4900 Seminary Rd.
Alexandria, VA 22311
Phone: (703)627-5510
Fax: (703)820-06230
Email: vdiamond@ashcraftlaw.com
*Counsel for Plaintiff*

Rebekah Miller, DC Bar #462388
Benjamin Douglass, DC Bar #1001439
Ashcraft & Gerel, LLP
2000 L. Street, N.W. Suite 400
Washington, DC 20036
*Counsels for Plaintiff*